UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

                Plaintiffs,           Civil Action No. 18-11155
                                                Honorable Linda V. Parker
v.                                          Magistrate Judge David R. Grand

DEPUTY McPHERSON, DEPUTY
WEIR, and DEPUTY JOE EDDY,

                Defendants.

_____/

## REPORT AND RECOMMONDATION TO GRANT DEFENDANTS' MOTION TO DISMISS [14]

On April 9, 2018, Plaintiff James Payne ("Payne"), an incarcerated person, filed his *pro se* complaint against Defendants Deputy McPherson, Deputy Weir, and Deputy Joe Eddy (collectively "Defendants"), alleging violations of his constitutional rights. (Doc. #1). On April 13, 2018, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). (Doc. #6).

Presently before the Court is a Motion to Dismiss filed by Defendants on June 8, 2018. (Doc. #14). On July 2, 2018, Payne filed a response to this motion. (Doc. #17). No reply was filed. Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.**      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(Doc. #14)** be **GRANTED**.

**II.     REPORT**

    **A.     The Allegations in Payne's Complaint**

Payne is currently incarcerated at the Hillsdale County Jail. (Doc. #16). At all times relevant to the complaint, however, he was confined in the Oakland County Jail. (Doc. #1). In his complaint, which is extremely difficult to comprehend, Payne alleges that Defendants "violated [his] 1st and 14th amendment of my constitutional right's." (*Id.* at 2). In further support of his claim, Payne sets forth the following factual allegations:

> The facts of my claim is that Oakland county jail and Deputy Mcpherson and Deputy Weir lied about not having my Keppra meds for my seizures and violated my hipaa right's and the cleaning products in my food which I ate and my body was bur[n]ing for a month and a half and the spit on my sandwich and mouth slob on my sandwich and my grievance forms to Lieutenant Hall which is a violation of my 1st amendment and my 14th amendment right's of my constitutional right's and attempt to do great bodily harm.

(*Id.*). Defendants now move to dismiss Payne's complaint, arguing that he has failed to state a claim upon which relief can be granted.

    **B.     Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact

to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]"  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] … is not boundless."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Rather, such "complaints still must plead sufficient facts to show a redressable legal wrong has been committed."  *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.     Analysis**

        *1.     Dismissal of Payne's Claims Against Deputy Eddy is Appropriate*

To begin with, Payne's complaint sets forth no allegations whatsoever against Deputy Eddy. In fact, Deputy Eddy's name is not mentioned anywhere in the complaint, or in any of the attachments to the complaint. Rather, the only place where Deputy Eddy's name is mentioned is in the case caption, where he is listed as a defendant. This is insufficient. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights."); *Hernandez v. Washington*, 2017 WL 1214436, at *3 (E.D. Mich. Jan. 20, 2017) ("'It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.'") (quoting *Frantz v. Mich. Dep't of Corr.*, 2011 WL 3100564, at *4 (W.D. Mich. July 25, 2011)). In his response brief, Payne again failed to mention Eddy, and did not contest Eddy's entitlement to a dismissal. (Doc. #17). Accordingly, Payne's claims against Deputy Eddy should be dismissed.

        *2.     Dismissal of Payne's Claims Against Deputies McPherson and Weir is also Appropriate*

Turning to Payne's claims against Deputies McPherson and Weir, it appears that 42 U.S.C. § 1983 – although not specifically mentioned in Payne's complaint – provides the basis for his civil rights claims against these individuals. And, although Payne does not specify whether he is suing Deputies McPherson and Weir in their official or individual capacities, the Court will assume that he intended to include both such claims and address them accordingly.

        *a.     Official Capacity Claims*

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit

5

against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (citations omitted) (emphasis in original).  Therefore, to the extent Payne intended to sue Deputies McPherson and/or Weir in their official capacities, he really is bringing suit against Oakland County.

To prevail on a § 1983 claim against Oakland County, Payne would have to show some sort of policy, practice, or custom that directly resulted in the violation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).  This is because municipal entities cannot be held liable under §1983 on a *respondeat superior* theory.  *Id.* at 692.  The Supreme Court has further explained:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  Here, Payne has alleged no facts whatsoever even suggesting the existence of an underlying governmental policy, practice, or custom that caused his alleged injuries.  Thus, to the extent Payne intended to plead official capacity claims against Deputies McPherson and/or Weir, dismissal of such claims is appropriate.

### b.    *Individual Capacity Claims*

With respect to any individual capacity claims against Deputies McPherson and Weir, it is extremely difficult to discern from the face of Payne's complaint what these individuals are alleged to have done to violate Payne's constitutional rights.  As set forth above, the substance of Payne's factual allegations is as follows:

> The facts of my claim is that Oakland county jail and Deputy Mcpherson and Deputy Weir lied about not having my Keppra meds for my seizures and violated my hipaa right's and the cleaning products in my food which I ate and my body was bur[n]ing for a month and a half and the spit on my

>sandwich and mouth slob on my sandwich and my grievance forms to Lieutenant Hall which is a violation of my 1st amendment and my 14th amendment right's of my constitutional right's and attempt to do great bodily harm.

(Doc. #1 at 2).  Breaking this paragraph down into its subparts, it is clear that Payne has failed to state a claim against Deputy McPherson or Deputy Weir.

To begin with, Payne appears to allege that there were cleaning products put in the food that he ate, and that those products caused his body to burn for a month and a half.  (*Id.*).  He does not, however, allege that either Deputy McPherson or Deputy Weir was responsible for putting these "cleaning products" in his food, or even that they were somehow in charge of preparing and/or distributing his food.  Indeed, he does not allege any facts that would show that Oakland County Jail deputies (such as Deputy McPherson or Deputy Weir) are in charge of food preparation or delivery.  As such, this aspect of Payne's complaint fails to state a claim against Deputies McPherson and Weir.

Payne then refers to "spit and mouth slob" on his sandwich, but again, he fails to allege any facts suggesting that Deputy McPherson and/or Deputy Weir put those things on his sandwich (or that he ate the sandwich, or that he suffered damages from the "spit and mouth slob").  Indeed, in the attachment to his complaint, Payne appears to blame the "spit and mouth slob" on another inmate, specifically a "trusty name[d] fitch."  (*Id.* at 5).[1]  Again, then, this portion of Payne's complaint fails to state a claim as to Deputies McPherson and Weir.

Next, Payne references his "grievance forms to Lieutenant Hall …."  (*Id.* at 2).  But, he gives no further detail about these forms, let alone any details linking Deputies McPherson

---

[1] In his response brief, Payne writes, "Roy Fitch[,] a older black man did put spit and slob on my sandwich for the defendant's [sic] don't no man I don't [sic] know is gonna put stuff on my food for nothing . . ."  (Doc. #17 at 1).  To the extent Payne is implying that Fitch acted at Defendants' behest, the second half of his assertion makes clear that he is only speculating as to this.  But, as explained above, such speculation, unsupported by any "factual content," is insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678; *Bredesen*, 500 F.3d at 527.

7

and/or Weir to a constitutional violation related to these grievance forms. He does not allege that either of these individuals did anything to prevent him from filing a grievance, or retaliated against him after he filed a grievance. Thus, these allegations too fail to state a claim against Deputies McPherson and Weir.

Finally, Payne alleges that: "Deputy Mcpherson and Deputy Weir lied about not having my Keppra meds for my seizures and violated my hipaa right's …." (*Id.*). In their motion to dismiss, Defendants argue as follows:

> Plaintiff fails to further develop this allegation to show how this led to a constitutional violation. For example, Plaintiff does not claim that Defendants Weir and McPherson were responsible for prescribing and dispensing medication, or that they actively withheld medication from him. It can be assumed under commonly understood medical practice that jail deputies are not authorized to prescribe medications or dispense prescription medications. Such prescriptions would have to come from a doctor or nurse.

(Doc. #14 at 12). Defendants then point out that, in a letter that Payne attached to his complaint, instead of blaming Deputies McPherson and Weir for denying him Keppra, he claimed that two nurses – "Katrina" and "Alania" – were giving him Depakote instead of Keppra for his seizures. (Doc. #1 at 4-5).

In his response to Defendants' motion to dismiss, Payne confirmed that he "didn't say that Dep McPherson or Dep Weir" lied to him about "Keppra for my seizures"; rather, he asserts that "alana and the other nurse did." (Doc. #17 at 1). It is clear from Payne's filings, then, that he is not alleging that either Deputy McPherson or Deputy Weir deprived him of necessary medication.[2] Thus, this aspect of Payne's complaint also fails to state a claim against Deputies

---

[2] Payne also makes clear in his response to Defendants' motion that he is not alleging that either Deputy McPherson or Deputy Weir violated his HIPAA rights; rather, he claims that a non-party ("Mrs tripplett") did so when she allegedly "called [his] mom without [his] permission [to] talk about [his] medical history …." (Doc. #17 at 1). Thus, this allegation fails to state a claim as to Deputies McPherson and Weir.

McPherson and/or Weir.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (**Doc. #14**) be **GRANTED**.

Dated: July 30, 2018　　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of objections must be served upon the Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

9

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2018.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager