UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

    Plaintiff,

v.                                                              Civil Case No. 18-11155
                                                             Honorable Linda V. Parker

DEPUTY MCPHERSON, DEPUTY
WEIR, and DEPUTY JOE EDDY,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS (ECF NO. 22) TO MAGISTRATE JUDGE GRAND'S JULY 30, 2018 REPORT AND RECOMMENDATION (ECF NO. 19); (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 14)</u>**

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 on April 9, 2018, alleging that Defendants violated his constitutional rights. The Court has referred the matter to Magistrate Judge David R. Grand for all pretrial matters, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) On June 8, 2018, Defendants filed a motion to dismiss. (ECF No. 14.) On July 30, 2018, Magistrate Judge Grand issued a R&R, recommending that the Court grant Defendants'

1

motion. (ECF No. 19.) After receiving an extension of time to do so, Plaintiff filed objections to the R&R on October 22, 2018. (ECF No. 22.)

**Magistrate Judge Grand's R&R**

In the R&R, Magistrate Judge Grand first recommends dismissal of Defendant Deputy Joe Eddy because Plaintiff sets forth absolutely no allegations with respect to this defendant in his Complaint. (R&R at 5, ECF No. 19 at Pg ID 68.) Magistrate Judge Grand next recommends dismissal of Plaintiff's claims against Defendants Deputy McPherson and Deputy Weir to the extent they are being sued in their official capacities. (*Id.* at 6, Pg ID 69.) Magistrate Judge Grand explains that such claims are in fact claims against their employer, Oakland County, and a municipality is liable under § 1983 only if the violation of the plaintiff's rights was caused by its policy, practice or custom. (*Id.*) Plaintiff alleges no facts to support such a claim.

Lastly, Magistrate Judge Grand addresses Plaintiff's claims against Deputies McPherson and Weir in their individual capacities. (*Id.* at 6-8, Pg ID 69-71.) Magistrate Judge Grand finds no allegations in the Complaint suggesting that either defendant committed the actions that are the basis for the alleged constitutional violations: putting cleaning products in Plaintiff's food, spit and "mouth slob" on his sandwich, lying about his seizure medications, or violating his

HIPAA rights. (*Id.*) Magistrate Judge Grand points out that Plaintiff in fact identifies other individuals as being responsible for this conduct in his Complaint.

For these reasons, Magistrate Judge Grand recommends that the Court dismiss Plaintiff's claims against Defendants.

**Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Plaintiff's Objections & Analysis**

In his objections, Plaintiff first contends that Defendant Eddy "is involved." (Obj. at 1, ECF No. 22 at Pg ID 80.) According to Plaintiff, however, Eddy only is involved as a witness to there being spit on Plaintiff's food. This is not a reason to

3

include him as a defendant in this case.  Plaintiff does not allege that Defendant Eddy violated his constitutional rights.

Plaintiff next asserts that Defendants McPherson and Weir violated his First Amendment rights by not letting him speak personally to Lieutenant Hall or by withholding his grievance letters for Lieutenant Hall.  Plaintiff also states that McPherson and Weir "treat[ed] him unfair] and did not let Plaintiff provide a urine sample to show that there were cleaning products in his food.  (*Id.*)

As an initial matter, "unfair treatment" does not necessarily describe unconstitutional treatment.  In any event, Plaintiff fails to identify specifically what this alleged improper treatment was.  Similarly, as Magistrate Judge Grand found, Plaintiff does not allege that McPherson's or Weir's actions prevented him from filing a grievance.

Finally, Plaintiff's assertions regarding the deputies' failure to check his urine do not conflict with Magistrate Judge Grand's interpretation of the Complaint as alleging that someone other than Defendants committed the acts that form the basis of the claimed constitutional violations.  Notably, Plaintiff failed to mention the urine sample in his Complaint or response to the motion. *See Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 939 (6th Cir. 1998) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely

4

objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate judge."). In any event, to the extent Plaintiff is suggesting the deputies refused to check his urine as part of a conspiracy to cover-up violations of his civil rights, his allegations are insufficient to state a viable conspiracy claim. Further, Plaintiff's indication in his response brief that he was transported to the hospital for treatment in connection with the alleged poisoning of his food undermines the existence of a conspiracy.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Grand's July 30, 2018 R&R and adopts Magistrate Judge Grand's recommendations.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 27, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager